**In re James L. CLEMONS and Lisa J. Clemons, Debtors.**

**No. 06–31381.**

United States Bankruptcy Court, W.D. Kentucky.

Jan. 18, 2007.

James K. Stayton, Louisville, KY, for Debtors.

## ORDER REGARDING DEBTORS' MOTION TO INCUR CREDIT POST–CONFIRMATION

THOMAS H. FULTON, Bankruptcy Judge.

THIS CORE PROCEEDING[1] comes before the Court on a Motion to Incur Credit Post–Confirmation, filed by the debtors, James and Lisa Clemons (hereinafter "Debtors").[2] This Court held a hearing on the issue pursuant to Federal Rule of Bankruptcy Procedure 4001(c) on January 10, 2006. After considering the record as a whole and statements made by counsel for the Debtors, this Court finds that the Debtors' motion and statements made at the hearing did not establish that more financially-responsible alternatives to the credit sought to be incurred were adequately considered, and the motion, at this time, is denied without prejudice to it being renewed at a later time.

The Debtors filed their joint Chapter 13 case on June 6, 2006, and this Court confirmed their sixty-month plan at 100%. Under the confirmed Chapter 13 plan, the Debtors made payments to, *inter alia,* Ford Motor Credit Company (hereinafter "Ford") under a purchase money security agreement for a 2006 Ford Escape they had purchased prior to filing their petition. This 2006 Ford automobile was subsequently repossessed by Ford, pursuant to a post-confirmation agreed order entered between Ford and the Debtors on September 19, 2006. On January 15, 2006, the Debtors moved this Court for authority to obtain financing for a replacement vehicle in the amount of $6,100.00. The Debtors' motion disclosed limited information about the arrangement, *viz.,* that $6,100 would be borrowed at a rate of 24.9% interest, with monthly payments to be made until the loan is paid in full over a term of three years. At the time this motion was filed, the Debtors were current with the payments due to the Chapter 13 Trustee.

Federal Rule of Bankruptcy Procedure 4001(c) and the Order Confirming Chapter 13 Plan both require the Debtors to move the Court for authority to obtain credit, after which a hearing must be held. One rationale for this requirement is explained by Bankruptcy Judge Jennie D. Latta:

> The requirement for obtaining prior approval for post-confirmation credit is very important. It protects debtors from entering into ill-advised credit arrangements, such as those at issue. With the help of the trustee, it is hoped

---

1. 28 U.S.C. § 157(b)(2)(D).

2. *Cf.* 11 U.S.C. §§ 364 & 1305(c).

that debtors will be able to break the "cycles of poor financial judgment" that may have led to the filing of their petitions in the first place.... This protects not only the debtor, but all creditors whose claims are provided for in the confirmed plan.

*In re Bagby,* 218 B.R. 878, 887 (Bankr. W.D.Tenn.1998) (citations omitted); *see also In re Brown,* 170 B.R. 362, 364 (Bankr.S.D.Ohio 1994) ("As postpetition earnings are the backbone of funding for the confirmed plan, subsequent credit transactions are subject to scrutiny by the Trustee and the Court"). The purpose behind requiring approval of the Court is to ensure that decisions made by a debtor to obtain credit do not interfere with the debtor's ability to perform under a confirmed chapter 13 plan, and, to the degree possible, to ensure a debtor is not making an imprudent financial decision that could lead the debtor back into bankruptcy.

In the case *sub judice,* the Debtors' motion discloses only the amount sought to be borrowed, the applicable interest rate, and the reason credit is sought to purchase a replacement vehicle. The Court cannot assess the prudence of the proposed credit agreement without knowing more details of the automobile that the Debtors want to purchase, *e.g.,* its make, model, mileage, condition, and value, and whether better financing alternatives are available to the Debtors. The Court must be able to ascertain whether the proposed transaction "would have the Debtor purchase a vehicle at a rate of interest so high that the balance due and ultimately payable in all likelihood drastically exceeds the value of the vehicle." *In re Brown,* 170 B.R. at 365–66. Motions with insufficient information "place the Court in the untenable position of approving a transaction that is too expensive, in effect giving the Court's imprimatur to a purchasing decision that may be as lacking in judgment as the debtor's prepetition financial arrangements, or disapproving the arrangement and possibly destroying or reducing the debtor's ability to work and fund the confirmed plan." *In re Brown,* 170 B.R. at 365.

■ This Court will not grant motions to incur post-confirmation credit when the motion does not address, *e.g.,* (1) the terms of the credit agreement; (2) what alternatives to the proposed credit agreement were considered; (3) a description of the automobile that the debtor seeks to purchase, detailing the make, model, mileage, condition, and value—taking into account its reasonable market value, *e.g.,* as assessed by Kelly Bluebook, Edmunds, N.A.D.A., to name only a few; and (4) a copy of a current budget that includes the proposed credit payments. *See, e.g., In re Brown,* 170 B.R. at 366. Furthermore, when the interest rate for the proposed credit agreement is 20% per annum or more, this Court will require the debtors to appear in court at the hearing on a motion to incur credit so that the Court is sure that the debtors understand what they are getting themselves into. Accordingly, the Debtors' motion is denied without prejudice to its being renewed at a later date.

This Court does not find fault with Debtors' counsel in the instant case; rather, this case presents an opportunity for the Court to communicate its requirements for future motions to incur credit. It may be that, upon proper review by Debtors' counsel, no better arrangement for automobile financing may be obtained. Examination of the Debtors' payment history under the Chapter 13 plan reveals some difficulty with their ability to make payments to certain creditors after confirmation. On September 25, 2006, a Motion for Relief from Stay was filed by the mortgag-

ee of their real estate mortgage because the Debtors had defaulted on their mortgage payments for two months—which default was subsequently cured by an agreed order. On November 3, 2006, the Debtors filed a Motion to Suspend Plan Payments from December 1, 2006, to March 3, 2007, on grounds that continued layoffs at the Debtors' place of employment created a temporary financial hardship that necessitated the requested relief. The Court granted this motion. Additionally, Ford had to repossess the 2006 Ford Escape after the Debtors defaulted on their Chapter 13 plan payments. This Court acknowledges that these circumstances might make it more difficult to obtain financing under more favorable terms from a different lender. On the other hand, a debtor might be able to borrow against a life insurance policy or 401k retirement account and pay back the borrowed funds at a more favorable interest rate. The Debtors' motion in the case *sub judice,* however, did not disclose whether any such alternatives were considered or what of Debtors' circumstances would foreclose this possibility.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion to Incur Credit Post–Confirmation filed by the Debtors be, and hereby is, **DENIED,** for reasons set forth herein above, without prejudice to its being renewed at a later time.